NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                      :

MICHAEL TRINGALI,                :

       Plaintiff                        :       Civil Action No. 12-04597 (JAP)

           v.                            :       **OPINION**

TOWNSHIP OF MANALAPAN, et al.,  :

       Defendants.                :
_____:

PISANO, District Judge.

      This is an action brought by Plaintiff Michael Tringali against the Township of Manalapan, Township of Manalapan Police Department, Detective Leonard Maltese, Detective Thomas Mantle, Detective Kevin Schmidt, ABC Corp. 1-3 and John Does 1-3.  Plaintiff alleges that the defendants violated 42 U.S.C. § 1983, 42 U.S.C. § 1986 and the New Jersey Constitution by falsely arresting and imprisoning him based on an unjustified conspiracy charge.   Named Defendants Township of Manalapan, Township of Manalapan Police Department, Detective Leonard Maltese, Detective Thomas Mantle, Detective Kevin Schmidt (collectively, the "Defendants") moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint is time-barred.  Plaintiff concedes that his false arrest and § 1986 claims are untimely and therefore does not oppose the Motion with respect to those claims.  He contends that his false imprisonment claims are within the statute of limitations period, however.  The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Motion to Dismiss shall be granted.

**I.      Background**

The following allegations are summarized from the Complaint, and must be taken as true in deciding this Motion to Dismiss. Plaintiff alleges that in April 2010, he was falsely accused of conspiracy to commit armed robbery and aggravated assault. On June 2, 2010, the individual defendants[1] arrested him without probable cause or an arrest warrant. That same day, the individual defendants imprisoned Plaintiff in the Monmouth County jail based on the allegedly improper arrest. Plaintiff was later indicted as a result of the information presented by the individual defendants.[2] Plaintiff spent several months in prison in Monmouth County until he was released in November 2010.[3] A Judgment of Dismissal was entered on January 10, 2012, dismissing the charges against Plaintiff.

The entirety of Plaintiff's claims relate to this arrest and period of imprisonment. Plaintiff alleges that there was no probable cause for the arrest and therefore the imprisonment was improper as well. He contends that the fact that a dismissal was later entered demonstrates that there was no basis for the arrest. Although he concedes that the claims relating to his false arrest and his claims arising under 42 U.S.C. § 1986 (Count Six) are untimely, he nonetheless argues that his false imprisonment claims are not time-barred.

Defendants move to dismiss Plaintiff's Complaint and contend that Defendants Township of Manalapan and Township of Manalapan Police Department cannot be held liable on a theory

---

[1] Although Plaintiff does not specify who the individual defendants are, the Court assumes they are Detectives Maltese, Mantle and Schmidt.

[2] Plaintiff does not set forth the date of indictment, but Defendant's reply brief indicates that Plaintiff was indicted by a grand jury on September 23, 2010.

[3] It is unclear from Plaintiff's Complaint exactly when he was released from prison. Plaintiff's Opposition brief states that he was released in November 2012, but he filed the instant lawsuit in July 2012, at which point he had already been released from prison. Defendant's brief indicates that he was released from prison in November 2010. Thus, it appears that Plaintiff was released in November 2010 and simply misstated the dates in his brief.

of *respondeat superior* and therefore the claims against them fail as a matter of law. They further argue that Plaintiff's claims were not filed within the two-year statute of limitations period and therefore are time-barred. Finally, they contend that even if the claims were timely, the fact that Plaintiff was indicted for the offense demonstrates that Defendants had sufficient probable cause to arrest and imprison him. The Court addresses these arguments below.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. In deciding a Motion to Dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).

In 2007, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). The *Twombly* Court stated that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007). More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights guaranteed under the United States Constitution. He also brings a claim for violations of his civil rights under the New Jersey Constitution.[4] To state a cause of action under § 1983, a plaintiff must allege two elements: (1) a violation of a right secured by the Constitution or federal law; and (2) that the violation of that right was committed by a person acting under the color of state law.[5] *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). The basis for a false imprisonment claim under § 1983 is "the Fourteenth Amendment protection against deprivations of liberty without due process of law." *Jobes v. Moorestown Twp.*, 2006 U.S. Dist. LEXIS 78918, at *18-19 (D.N.J. 2006) (citing *Baker v. McCollan*, 443 U.S. 137 (1979)).

Under both federal and New Jersey law, to state a claim for false imprisonment, a plaintiff must demonstrate that: (1) he was detained; and (2) the detention was unlawful. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 591 (2009) ("The tort of false imprisonment has two elements: (1) an arrest or detention of the person against his or her will and (2) lack of proper legal authority or legal justification.) (citations omitted). The existence of probable cause defeats a claim for false imprisonment. *See Baker*, 443 U.S. at 143-44; *Herman v. City of Millville*, 66 Fed. Appx. 363, 365 (3d Cir. 2003) (holding that probable cause is a "complete defense" to claims of false arrest, false imprisonment and

---

[4] Plaintiff does not oppose dismissal of his claims for false arrest and for violations of § 1986 (Count Six). Accordingly, those claims shall be dismissed.

[5] The New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et seq.* (the "NJCRA") is essentially the state analog of 42 U.S.C. § 1983 and creates a private cause of action for violations of civil rights under the New Jersey Constitution. *See Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011). This courts in this district have consistently interpreted the NJCRA analogously to § 1983. *Id.* (citing cases).

malicious prosecution); *Wildoner v. Bor. of Ramsey*, 162 N.J. 375, 389 (N.J. 2000) (explaining that probable cause is an absolute defense to claim for false imprisonment).  By contrast, when "the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).  "[P]robable cause is defined in terms and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing a crime." *Merckle v. Upper Dublin School Dist.*, 211 F.3d 782, 789 (3d Cir. 2000).

Here, Plaintiff's Complaint appears to assert a claim for false imprisonment on the grounds that Defendants did not have a reason for initially arresting him.  In assessing whether Plaintiff can establish a claim for false imprisonment, therefore, the proper inquiry is whether Plaintiff's arrest was lawful.  Although Plaintiff does not provide any details regarding the circumstances of his arrest,[6] he admits that he was later indicted by a grand jury for the charges brought against him in connection with this arrest.  It is well-settled that an indictment is sufficient evidence of probable cause to defeat a claim for false arrest and imprisonment.  *See Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 251 (3d Cir. 2001) (finding that a grand jury indictment "establishes probable cause by definition"); *Waugh v. Finch*, 2010 U.S. Dist. LEXIS 71203, at *12 (D.N.J. 2010) (granting summary judgment for defendant on claim of false imprisonment and noting that plaintiff's subsequent indictment "clearly establish[es] that Defendants had probable cause to detain Plaintiff"); *see also Gocmen v. Kinnelon Police Dep't*,

---

[6] In their Opposition brief, Defendants explain that on April 15, 2010, members of the Manalapan Police Department responded to the scene of a reported assault and robbery.  They took statements from the victim and other witnesses and conducted an investigation of the crime.  As a result of their investigation, the Defendants identified Plaintiff as one of the perpetrators.  On June 1, 2010, Detective Mantle executed an arrest warrant for Plaintiff and another individual.  On June 2, 2010, Plaintiff was arrested, taken under custody and remanded to the Monmouth County Correctional Institution.  Although the Court is limited to the allegations of the Complaint in deciding this Motion, it includes this information here for factual background.

*et al.*, 2006 U.S. Dist. LEXIS 74447, at *8 (D.N.J. 2006) (dismissing claims for false arrest because a grand jury indictment is "affirmative evidence of probable cause").

In this case, Plaintiff's indictment establishes the presumption that there was probable cause for his arrest and imprisonment.  Moreover, beyond the vague and conclusory statement that he was "arrested without probable cause," Plaintiff has not alleged any facts to support the conclusion that Defendants lacked probable cause to arrest and detain him.  Accordingly, Plaintiff has failed to state a claim for violations of § 1983 or the New Jersey Constitution and the Complaint shall be dismissed against all Defendants.  *See Iqbal*, 556 U.S. at 678.  The Court does not need to address Defendants' remaining arguments and declines to do so at this time.

### IV.     Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss will be granted.  An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: April 18, 2013