**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

November 13, 2013

## LETTER OPINION

Re: *Tringali v. Township of Manalapan, et al.*
Civil Action No. 12-cv-4597 (JAP)

Dear parties:

Before the Court is Plaintiff's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and 60(b). For the reasons stated below, Plaintiff's Motion for Reconsideration is denied.

**A. Federal Rule of Civil Procedure 59(e)**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment under Rule 60(b). *Id.* In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.[1] *Agostino v. Quest Diagnostics, Inc.,* Civ. No. 04-4362, 2010 WL 5392688, *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah,* 351 F. Supp. 2d 295, 297 (D.N.J. 2005)).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it ruled on the motion. A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i).

The standard for reargument is high and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to

---

[1] As an initial matter, the Court notes that although Plaintiff states that the present motion is brought pursuant to Rule 59(e) and Rule 60(b), Plaintiff repeatedly labels his motion "a motion to reconsider" and refers only to the standards and requirements under Local Civil Rule 7.1(i).[1] However, the Court considers Plaintiff's motion under both Local Civil Rule 7.1(i) and Federal Rule of Civil Procedure 60(b).

1

prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 667 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. *Compaction Sys. Corp.,* 88 F. Supp. 2d at 345.

A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that the evidence was unavailable or unknown at the time of the original hearing. *See Levinson v. Regal Ware, Inc.,* Civ. No. 89-1298, 1989 U.S. Dist. LEXIS 18373, at *3 (D.N.J. Dec. 1, 1989). "Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 162 (D.N.J. 1998).

Plaintiff requests reconsideration of the Court's dismissal of his complaint "to correct a clear error of law or fact or to prevent a manifest injustice," alleging that his complaint was dismissed in error because Defendants "engaged in shoddy police work" by using "highly suggestive" techniques to obtain Plaintiff's grand jury indictment. Defendants argue that Plaintiff's motion is both untimely and without merit under Local Civil Rule 7.1(i).

Plaintiff's motion for reconsideration was filed on May 10, 2013, twenty-two (22) days after the entry of the Court's April 18, 2013 Order dismissing Plaintiff's Complaint. Accordingly, Plaintiff's motion was not "filed within 14 days after the entry of the order or judgment on the original motion by the Judge" as required under Local Civil Rule 7.1(i), and is therefore untimely.

Notwithstanding the timelines issue, Plaintiff's motion for reconsideration lacks merit. Plaintiff argues that he should be given the opportunity to "conduct discovery in order to prove his claims" and "establish the lack of probable cause" for his arrest because the indictment against him was "procured by fraud, perjury or other corrupt mean[s]." However, Plaintiff fails to assert that this Court overlooked any factual or legal issue that was brought to the Court's attention but not considered. Rather, Plaintiff disagrees with this Court's decision that probable cause existed for his arrest and now seeks to reargue matters already decided by this Court.

Plaintiff is asking the Court to "rethink what is already thought through—rightly or wrongly," which does not meet the requirements for reconsideration under Local Civil Rule 7.1(i). *Fishbein Fam. P'ship v. PPG Indus.,* No. Civ.A.93—653, 1994 U.S. Dist. LEXIS 18812, at *3 (D.N.J. Dec. 28, 1994). Accordingly, the Court finds that Plaintiff has not met his burden of demonstrating that the Court failed to consider allegedly dispositive factual matters and decisions of law cited by Plaintiff. Therefore, Plaintiff's motion for reconsideration must be denied.

**B. Federal Rule of Civil Procedure 60(b)**

Federal Rule of Civil Procedure 60(b) provides, in pertinent part:
> "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

"The general purpose of Rule 60(b) . . . is to strike the proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare,* 572 F.3d 976, 977 (3d Cir. 1978). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." *FDIC v. Alker,* 234 F.2d 113, 116-17 (3d Cir. 1956).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." However, Rule 60(b) "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Rather, relief under Rule 60(b) is available only under such circumstances that the "overriding interest in the finality and repose of judgments may properly be overcome." "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'"
> *Taschio*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (internal citations omitted).

To the extent that a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." *MartinezMcBean v. Government of Virgin Islands,* 562 F.3d 908, 911 (3d Cir. 1977) (citations omitted).

A motion under Rule 60(b) "must be made within a reasonable time . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c). Plaintiff's motion was made 22 days after the entry of the Court's Order dismissing his complaint. Thus, Plaintiff's motion is timely under Rule 60(b). However, Plaintiff has failed to demonstrate that he satisfies any of the reasons warranting the extraordinary relief provided by Rule 60(b). Plaintiff has not shown entitlement relief from the judgment due to mistake, inadvertence, surprise, or excusable neglect, *see* Rule 60(b)(1); has not presented newly discovered evidence, *see* Rule 60(b)(2); and has not satisfied the criteria for Rule 60(b)(3)-(6).

Therefore, the Court finds that Plaintiff has failed to demonstrate that he is entitled to relief from this Court's judgment of April 18, 2013. Nothing presented by Plaintiff in his motion or brief convinces the Court that "extraordinary circumstances" exist which warrant relief under Rule 60(b). Thus, Plaintiff is not entitled to relief under Rule 60(b) and his motion will be denied.

Accordingly, Plaintiff's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and 60(b) is DENIED.

**SO ORDERED.**

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge